**GREENBERG TRAURIG, LLP**
ATTORNEYS AT LAW
SUITE 700
2375 EAST CAMELBACK ROAD
PHOENIX, ARIZONA 85016
(602) 445-8000

Laura Sixkiller (SBN 022014); Sixkillerl@gtlaw.com
*Attorneys for Defendant M&I Marshall & Ilsley Bank*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JAY BOERSMA, an individual,<br><br>Plaintiff,<br><br>v.<br><br>M&I MARSHALL & ILSLEY BANK, a Wisconsin Corporation, et al.,<br><br>Defendant. | Case No.<br><br>(Formerly in the Superior Court of the State of Arizona, in and for the County of Maricopa, No. CV2010-053113)<br><br>**NOTICE OF REMOVAL** |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

PLEASE TAKE NOTICE that defendant M&I Marshall & Ilsley Bank ("M&I") (the "Removing Defendant") hereby removes the above-captioned state-court action to this Court for the reasons described below.

1. <u>State Court Action</u>. Plaintiff Jay Boersma ("Plaintiff") commenced the above-captioned action in the Arizona Superior Court of Maricopa County with the filing of his Complaint against Removing Defendant on September 9, 2010. The case was assigned Case Number CV2010-053113 ("State Court Action"). Pursuant to 28 U.S.C. § 1446(a) and LRCiv 3.7, true and correct copies of all pleadings, orders and other documents filed in the State Court Action are attached hereto as **Exhibits A and B**.

2. <u>Basis for Removal – Federal Question</u>. The State Court Action constitutes a removable civil action under 28 U.S.C. § 1441 because Plaintiff seeks relief on the grounds that the Removing Defendant violated the Home Ownership and Equity Protection Act, 15 U.S.C. 1637 et seq., the Truth-in-Lending Act, 15 U.S.C. § 1601 et seq. and Regulation Z, 12 C.F.R. § 226 et seq., among other state law claims. (Compl. ¶ 19 at 11.) Accordingly, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331, as Plaintiff's claims arise under the laws of the United States. Under 28 U.S.C. § 1367, this Court has supplemental jurisdiction over all other claims in the State Court Action because they are so related to the claims over which this Court has original jurisdiction under 28 U.S.C. § 1331 that they form part of the same case or controversy.

3. <u>Basis for Removal - Diversity</u>. Further, this is a civil action of which this Court also has original jurisdiction pursuant to 28 U.S.C. § 1332, and is one which may be removed to this Court by the Removing Defendant pursuant to the provisions of 28 U.S.C. § 1441(b) in that it is a civil action between citizens of different states, no defendant is a citizen of the State of Arizona, and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. Diversity of citizenship is satisfied as follows:

   A. Plaintiff alleges in his Complaint that he is a resident of Maricopa County, Arizona and is, thus, believed to be a citizen of the State of Arizona; and

   B. Removing Defendant is a Wisconsin-state chartered bank with its principal place of business in Wisconsin.

4. <u>Timeliness</u>. Plaintiff filed the State Court Action on September 9, 2010. Removing Defendant was served with the Complaint on September 21, 2010. The Removing Defendant has not made an appearance in the State Court Action.

Accordingly, removal is timely pursuant to 28 U.S.C. § 1446(b) and Federal Rule of Civil Procedure 6(a)(3) and (4).

5.  **Proper Federal Forum**.  Removal to this Arizona District Court is appropriate pursuant to 28 U.S.C. § 1441(a) because the State Court Action was filed in Maricopa County, Arizona.

6.  **Notice**.  Removing Defendants certify that, pursuant to 28 U.S.C. § 1446(d) and LRCiv 3.7(a), that they are giving written Notice of Filing of Removal to all named parties to this suit and are filing a copy of this Notice of Removal with the Clerk of the Maricopa County Superior Court contemporaneously with the filing of this Notice of Removal.

7.  **Rule 11**.  This Notice of Removal is signed pursuant to Rule 11, Federal Rules of Civil procedure, in accordance with 28 U.S.C. § 1446(a) and LRCiv 3.7.

8.  **Additional Briefing**.  If any question arises as to the propriety of this removal, Removing Defendants request the opportunity to brief any disputed issues and to present oral argument in support of its position that this case is properly removable. Removing Defendants also reserve the right to supplement this Notice of Removal as appropriate.

9.  **Non-Waiver**.  Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Removing Defendants' rights to assert any defense or affirmative matter including, but not limited to, the defenses of lack of jurisdiction over the person, improper venue, insufficiency of process, insufficiency of service of process, failure to state a claim, fraudulent joinder or any other procedural or substantive defense available to Removing Defendants.

WHEREFORE, Removing Defendant removes the above-entitled case from the Superior Court of Arizona to this Court.

HX 329,538,776

RESPECTFULLY SUBMITTED this 19th day of October, 2010.

GREENBERG TRAURIG, LLP

By: /s/ *Laura Sixkiller*
    Laura Sixkiller

*Attorneys for Defendant M&I Marshall & Ilsley Bank*

HX 329,538,776

# CERTIFICATE OF SERVICE

☐ I hereby certify that on October 19, 2010, I electronically transmitted the attached document to the Clerk's Office using CM/ECF System for filing and distribution to the following registered participants of the CM/ECF System, who will also be served copies of the attached document by First Class U.S. Mail and electronic mail:

☒ I hereby certify that on October 19, 2010, I will serve the attached document by First Class United States Mail on the following, who are not registered participants of the CM/ECF System:

Jay Boersma
15324 E. Sundown Dr.
Fountain Hills, AZ 85268
*Plaintiff, Pro Se*

By: /s/ *Lori Hinkel*
Employee, Greenberg Traurig, LLP

-5-

HX 329,538,776