**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jay Boersma, | No. CV10-2221-PHX-NVW |
| Plaintiff, | **ORDER** |
| vs. | |
| M&I Marshall & Ilsley Bank, a Wisconsin corporation, | |
| Defendant. | |

Before the Court is Defendant's "Motion to Dismiss With Prejudice." (Doc. 5.) The Court will grant Defendant's motion without prejudice.

**I.    Background & Procedural History**

Plaintiff Jay Boersma owns a home in Fountain Hills, Arizona, which he financed through Defendant M&I Marshall & Ilsley Bank. In September 2009, Boersma (acting *pro se*) filed suit against M&I in Maricopa County Superior Court, claiming that he "is in anticipation of the beginning of foreclosure action as he is now 2 months behind on payments." (Doc. 1-2 ¶ 3.) Boersma, however, did not state whether he has received any sort of notice of foreclosure.

Boersma alleged three causes of action: (1) fraudulent misrepresentation based on a "show me the note" theory; (2) "predatory lending practices" under certain federal statutes;

1  and (3) quiet title. M&I removed to this Court, asserting both federal question and diversity
2  jurisdiction. M&I has now moved to dismiss.

3  **II.    Analysis**

4  To sue in federal court, a plaintiff must have standing under Article III of the U.S.
5  Constitution. This means: (1) the plaintiff must have suffered an "injury in fact" that is
6  "concrete and particularized" and "actual or imminent"; (2) the alleged wrongful conduct
7  must have reasonably caused the injury the plaintiff alleges; and (3) it must be likely, as
8  opposed to merely speculative, that a favorable decision will redress the injury. *Lujan v.*
9  *Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992).

10  Related to standing is the concept of "ripeness." "A claim is not ripe for adjudication
11  if it rests upon contingent future events that may not occur as anticipated, or indeed may not
12  occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998) (internal quotation marks
13  omitted). Standing and ripeness are "intertwined" because, "if the contingent events do not
14  occur, the plaintiff likely will not have suffered an injury that is concrete and particularized
15  enough to establish the first element of standing." *Bova v. City of Medford*, 564 F.3d 1093,
16  1096 (9th Cir. 2009).

17  Boersma's claims are not ripe. For all three causes of action, the injury he asserts is
18  the potential loss of his home through foreclosure. (Doc. 1-2 ¶ ¶ 15, 18, 22.) He expects
19  foreclosure because he is behind on payments. Boersma's complaint, and Boersma's
20  subsequent assertions to this Court, contain no other reason to believe that foreclosure is
21  imminent. Falling behind on house payments may lead to foreclosure, but it may also lead
22  elsewhere, such as loan modification. Accordingly, Boersma has not alleged an "actual or
23  imminent" injury. *Lujan*, 504 U.S. at 560. The Court will therefore dismiss his claims as
24  unripe.

25  / / /
26  / / /
27  / / /
28  / / /

1  IT IS THEREFORE ORDERED that Defendant's "Motion to Dismiss With
2  Prejudice" (Doc. 5) is GRANTED *without* prejudice. The Clerk shall please close this case.
3  DATED this 6th day of December, 2010.

*signature*

James A. Teilborg
United States District Judge

4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

- 3 -